IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SHERLENE SAMUELS,                                                      PLAINTIFF

vs.                                    Civil No. 4:25-cv-04039

FRANK BISIGNANO,                                                       DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Sherlene Samuels ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her application for

Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  (ECF No. 6.)  Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

### 1. Background:

Plaintiff filed her disability application on August 31, 2022.  (Tr. 14.) [1]  In this application,

Plaintiff alleged being disabled due to low back pain, diabetes, and left knee issues.  (Tr. 33-35,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript
pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF
No. 7.  These references are to the page number of the transcript itself not the ECF page number.

201.)  Plaintiff alleged an onset date of April 1, 2011.  (Tr. 14.)  Plaintiff's application was denied

initially on December 19, 2022, and again upon reconsideration on May 23, 2023.  (Tr. 51, 14.)

Plaintiff requested an administrative hearing on her denied application and this request was

granted.  (Tr. 14.)  An Administrative Law Judge ("ALJ") conducted the hearing on April 11, 2024.

(Tr. 27-44.)  At this hearing, Plaintiff was present and represented by Greg Giles.  *Id*.  Plaintiff and

Vocational Expert ("VE"), Beth Drury, both testified at the hearing.  *Id*.

On June 13, 2024, the ALJ entered an unfavorable decision.  (Tr. 14-22.)  In this decision,

the ALJ determined Plaintiff met the insured status requirements of the Social Security Act through

March 31, 2015.  (Tr. 16, Finding 1.)  Additionally, the ALJ determined Plaintiff had not engaged

in substantial gainful activity from the alleged onset date of April 1, 2011, through March 31, 2015.

(Tr. 16, Finding 2.)

The ALJ then determined Plaintiff had severe impairments of degenerative disc disease of

the lumbar spine, chondromalacia of the left knee, diabetes mellitus, hypertension, major

depression disorder, and generalized anxiety disorder.  (Tr. 16, Finding 3.)  Despite being severe,

the ALJ determined Plaintiff did not have an impairment or combination of impairments that meets

or medically equals the severity of one of the listed impairments.  (Tr. 17, Finding 4.)

The ALJ determined Plaintiff had the Residual Functional Capacity ("RFC") to perform

light work as defined in 20 CFR § 404.1567(b), except she can only occasionally stoop; no

crouching, crawling, or kneeling; and can perform simple 2-3 step tasks.  (Tr. 18, Finding 5.)

The ALJ determined Plaintiff was unable to perform any Past Relevant Work ("PRW").

(Tr. 20, Finding 6.)  Additionally, the ALJ determined transferability of job skills is "not an issue

in this case because the claimant's past relevant work is unskilled."  (Tr. 21, Finding 9.)  The ALJ

further determined that through the date last insured, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed, such as marker with 165,320 jobs in the national economy; assembler with 29,810 jobs in the national economy; and routing clerk with 122,890 jobs in the national economy. (Tr. 21, Finding 10). Based upon these findings, the ALJ determined Plaintiff had not been disabled under the Act during the time between April 1, 2011, and March 31, 2015. (Tr. 22, Finding 11).

On May 21, 2025, Plaintiff filed the present appeal. (ECF No. 2.) Both parties have filed appeal briefs. (ECF Nos. 11, 16.) This case is now ready for decision.

## 2. **Applicable Law:**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

If substantial evidence supports the ALJ's conclusion, the Court cannot reverse simply because substantial evidence also supports a different outcome. *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010); *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). Therefore, "if after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Goff v. Barnhart*, 421 F.3d 785, 790-91 (8th Cir. 2005); *Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A), *Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the RFC to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. § 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of their RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

### 3. **Discussion:**

In her appeal brief, Plaintiff raises the following argument for reversal: the ALJ erred in finding Plaintiff was capable of work at the light exertional level. (ECF No. 11.) In response, Defendant argues the ALJ did not err in any of her findings. (ECF No. 16.)

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff argues the ALJ erred in evaluating Listing 1.04 by focusing on whether Plaintiff suffered from a nerve impingement instead of focusing on the other requirements. (ECF No. 11, p. 9.) Additionally, Plaintiff claims she meets the requirements for Listing 1.18 due to medical records supporting knee weakness, limited range of motion, and swelling, as well as Plaintiff's herniated disc. (ECF No. 11, p. 13.)

In this matter, Listing 1.15 was applicable here, not Listing 1.04A as argued by Plaintiff. Although the Eighth Circuit Court of Appeals has not specifically addressed this issue, numerous neighboring courts have explained why the listing in effect at the time of the ALJ's final decision applies:

> On December 3, 2020, following a notice-and-comment period, the SSA issued rules which revised the musculoskeletal Listings. See 85 Fed. Reg. 78164, 78164 (Dec. 3, 2020). In so doing, the SSA deleted Listing 1.04A and created new Listings relevant to musculoskeletal disorders, including Listing 1.15. See generally id.; 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.15. On April 2, 2021, the new musculoskeletal Listings took effect with respect to "applications filed on or after [April 2, 2021], and to claims that are pending on or after [April 2, 2021]." 85 Fed. Reg. 78164, 78164 (Dec. 3, 2020).

*Manuel A. v. Kijakazi*, No. 22-2739-BAH, 2023 WL 4664732, at *8 (D. Md. July 20, 2023).

> Because revisions in 2021 resulted in Listing 1.15 superseding Listing 1.04A, the Commissioner maintains that the ALJ appropriately considered the former when examining.

*Ellis v. O'Malley*, No. 5:23-CV-00332-RN, 2024 WL 3373510, at *10 (E.D.N.C. May 22, 2024).

Here, Plaintiff filed her disability application on August 31, 2022. (Tr. 14.) Because Plaintiff filed her disability application after the SSA issued rules revising the Listings, and thus deleting Listing 1.04A, the applicable Listing is 1.15 and not 1.04A.

Listing 1.15 requires Plaintiff to establish evidence of radicular distribution of neurological signs during physical examination, including muscle weakness. 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 1.15(B)(1). It also requires medical documentation of a medical need for a "walker, bilateral canes, or bilateral crutches . . . or a wheeled and seated mobility device involving the use of both hands." *Id.* § 1.15(D)(1). Plaintiff has failed to provide medical documentation supporting either of these requirements necessary for Listing 1.15.

Plaintiff also argues she meets Listing 1.18 based on imaging and objective tests of her left knee. (ECF No. 11, p. 11.) Listing 1.18 requires, in part, an "[i]mpairment-related physical limitation of musculoskeletal functioning" requiring either a "documented medical need" for an assistive device or "[a]n inability to use both upper extremities." *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.18(D). The record does not indicate Plaintiff had a documented medical need for an assistive device, nor has Plaintiff shown an inability to use both upper extremities.

Although Plaintiff claims the ALJ erred in finding Plaintiff capable of work, the ALJ based her opinion on medical opinions from hospital records from Mercy Hospital, Choctaw Nation Health Services, Choctaw Nation Health Clinic, and two Disability Determination Explanations from December 19, 2022 and May 22, 2023. (Tr. 321-678; 45-50; 52-57.)

Finally, Plaintiff argues the ALJ's hypothetical question to the vocational expert did not include all of her limitations. After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true, and which were supported by the record as a whole. *Goff v. Barnhart*, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a marker, assembler, or routing clerk. *Pickney v. Chater*, 96 F.3d 294, 296 (8th Cir. 1996) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**4.  Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying

benefits to Plaintiff, is supported by substantial evidence, and should be affirmed. A judgment

incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and

58.

   **ENTERED this 13th day of February 2026.**

/s/ *Spencer G. Singleton*
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE